THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HEATHER ANDERSON                                                    PLAINTIFF

v.                                  CIVIL NO. 22-3004

KILOLO KIJAKAZI, Acting Commissioner                   DEFENDANT
Social Security Administration

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, Heather Anderson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on August 10, 2020, alleging an inability to work since February 10, 2018, due to a traumatic brain injury, crushed left leg, crushed pelvis, severe neuropathy, memory loss, and PTSD. (Tr. 15, 215). An administrative hearing was held on August 4, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33–70).

On September 28, 2021, the ALJ issued an unfavorable decision. (Tr. 12–28). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: left hip osteoarthritis, bilateral pelvic ring fractures, healed rib fractures, depression, anxiety, post-traumatic stress disorder, and neuropathy. (Tr. 18). The ALJ found that Plaintiff's alleged liver laceration and left-hand fracture were not severe. However, after

1

reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Appendix I, Subpart P, Regulation No. 4. (Tr. 18–21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally climb ramps and stairs; the claimant can occasionally climb ladders, ropes, scaffolds; the claimant can occasionally stoop, kneel, crouch and crawl; the claimant can perform work in an environment equivalent to that of an office; the claimant may occasionally need to use a cane when ambulating; the claimant is able to perform 1 and 2 step tasks and make related judgments; the claimant is able to concentrate for 2 hour periods with routine breaks; the claimant can maintain pace and persistence for 8 hour work day and a 40 hour work week despite psychiatric symptoms; the claimant can occasionally interact with a supervisor to learn tasks and accept criticism but can only have incidental contact with co-workers and the general public; and the claimant can adjust to repetitive work tasks and minor work changes in a usually stable work situation.
> (Tr. 15–20).

With the help of a VE, the ALJ determined that Plaintiff was unable to perform any of her past relevant work but would be able to perform the representative occupations of table worker, lacquerer, and paper label assembler. (Tr. 26–27). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from August 10, 2020, through the date of her decision. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on December 3, 2021. (Tr. 1–3). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36 (b). (ECF Nos. 13, 14). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving their disability by establishing a physical or mental disability that has lasted at least one year and that prevents them from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that their disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

**III.    Discussion**

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to fully and fairly develop the record; 2) Whether the ALJ erred at step two by failing to properly evaluate Plaintiff's traumatic brain injury; 3) Whether the ALJ erred by failing to consider a closed period of benefits; and 4) Whether the ALJ erred in his RFC determination. (ECF No. 13).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required

4

to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

Plaintiff testified at the administrative hearing, on August 4, 2021, that her doctor felt she had a TBI due to her difficulties with speech and memory, and she was supposed to see a neurologist. (Tr. 48). Plaintiff also testified that her inability to tolerate stress, and her mind going blank due to pressure as simple as being asked to fill out a form was one of the main reasons she was unable to work. The ALJ did not consider Plaintiff's memory problems or diagnosis of TBI at step two, despite addressing other alleged impairments that were found to be not severe. (Tr. 18). The Commissioner argues Plaintiff suffered no functional limitations stemming from memory problems or a TBI and argues this is demonstrated by Plaintiff being noted as alert and oriented with intact judgment and insight in treatment notes, as well as her ability to perform serial 3's, add, and subtract at her consultative examination. (ECF No. 14, pp. 6–7). The Commissioner also argues that consultative examiner Dr. Samuel Hester's opinion that Plaintiff did not have an intellectual disability showed no impairment from memory issues or a TBI. Finally, the Commissioner argues the ALJ accounted for any alleged memory loss by limiting her to 1 or 2 step tasks and repetitive work with minor changes. This argument ignores Dr. Hester's finding that Plaintiff may not be able to complete work tasks within an acceptable time frame, which is not in alignment with the ALJ's finding that Plaintiff retained the ability to maintain pace and persistence for an eight hour work day and forty hour work week. (Tr. 21). The ALJ found Dr. Hester's opinion persuasive and consistent with the treatment record and Plaintiff's reported activities and abilities, but did not address this finding in the RFC. (Tr. 25). It is unclear from the ALJ's RFC determination what medical evidence she found supportive of Plaintiff's ability to maintain pace. (Tr. 21–26). Additionally, nonexamining medical sources Alan Kauffman, Psy.D., considered TBI

as one of Plaintiff's medically determinable impairments and opined that Plaintiff's medically determinable impairments of depression, PTSD, and memory impairment were associated with mildly to moderately limiting symptoms; Margaret Podkova, Psy.D., also considered TBI as one of the medically determinable impairments (Tr. 77, 79, 100, 101).

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). In the present case, the ALJ did not consider Plaintiff's TBI and memory problems as an impairment at step two or in the RFC. Despite the opinions of medical professionals who either treated Plaintiff or reviewed Plaintiff's medical records and considered her to be suffering from impairments related to a history of TBI, the ALJ failed to address a TBI or symptoms of TBI and did not consider the impact of any limitations related to these impairments in the RFC assessment.

The ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). The RFC must, however, be supported by "some medical evidence," and the ALJ should obtain evidence that addresses the claimant's "ability to function in the workplace." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000); *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). "An ALJ must not substitute his opinions for those of the physician." *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir.

2008) (quoting *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990)). An ALJ is not permitted to "play doctor." *Pates-Fires v. Astrue*, 564 F.3d 935, 946-47 (8th Cir. 2009). Here, the ALJ did not address whether Plaintiff had a medically determinable impairment of TBI or memory issues, in direct contradiction of multiple findings of a history of TBI in the record and opinions from medical professionals. The ALJ erred in failing to consider the totality of the evidence and by omitting a medically determinable impairment from the decision entirely. The Court finds this ALJ's decision is not supported by substantial evidence and warrants remand for further consideration.

On remand, the ALJ should consider all of Plaintiff's medically determinable impairments and should address interrogatories to a qualified neurological expert requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.[1] If the ALJ determines further evidence is necessary to clarify Plaintiff's limitations the ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's impairments and their combined impact upon her RFC. If necessary, the ALJ should then specifically list in a

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014) the Eighth Circuit noted that the necessary resolution of this identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.

hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III.   Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of January 2023

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE