IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HEATHER R. ANDERSON                                                                                          PLAINTIFF

v.                                              CIVIL NO. 3:22-03004

KILOLO KIJAKAZI, Commissioner
Social Security Administration                                                                              DEFENDANT

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff, Heather R. Anderson, appealed the Commissioner's denial of benefits to this Court. On February 7, 2023, U.S. District Judge Timothy L. Brooks, adopted the undersigned's Report and Recommendation, remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 16 & 17).

**1. Background**

On March 9, 2023, Plaintiff filed a motion seeking an award of attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 18). Defendant responded on March 20, 2023, objecting to a portion of the hours claimed by Plaintiff but not to Plaintiff's prevailing party status, substantial justification, or hourly rates. (ECF No. 22).

**2. Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.") An EAJA application must be made within thirty

1

days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id*. Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See*

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39[1], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase is appropriate.

**3.    Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 17). Defendant has not contested Plaintiff's claim that she is the prevailing party. The Court construes Defendant's pleadings herein as an admission that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff's motion requests attorney's fees in the amount of $6,045.15, seeking compensation for legal work completed during 2021 at an hourly rate of $206, during 2022 at an hourly rate of $221, and during 2023 at an hourly rate of $236. These hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized the hourly rates requested.

Defendant offers no objection to the rates but challenges certain of the hours claimed as purely clerical (.8 hours) and certain hours as excessive (4.0 hours of abstracting/briefing and .50 hours on EAJA motion preparation). (ECF No. 22, pp.3-4). These objections prompted the Court to conduct an independent review of counsel's itemizations. The Court agrees that .8 hours of the

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.
2022 – 269.263 x 125 divided by 152.4 (March 1996 CPI – South) = $220.85/hour ~ $221.
2023 – 288.205 x 125 divided by 152.4 (December 2022 CPI – South) = $236.39/hour ~ $236.

2022 itemizations were purely clerical, and will reduce .8 hours from the 2022 total. The Court declines to reduce the hours claimed for briefing and abstracting. It is correctly noted by Defendant that Plaintiff's claimed time of 17.25 hours is within the "usual" or typical time claimed (15 to 20 hours) for briefing in these cases. *McCarty v. Astrue*, 2012 WL 2571229, at *3 (E.D. Ark. July 2, 2012) (citing *Kramer v. Apfel,* 57 F. Supp. 2d 774, 775 (S.D. Iowa 1999)). Where typical hours are claimed, this Court does not intend to engage in a line-by-line comparison of briefs and abstracts with filings at the administrative level to try and discern what hours counsel should not have claimed because counsel was (or should have been) sufficiently familiar from prior work at the administrative level. Similarly, the Court cannot agree that it was objectively unreasonable to spend 2.0 hours – but acceptable to spend 1.5 hours – preparing an EAJA motion with supporting materials. The Court has not been provided, and cannot identify, a sound reason for Defendant's proposed reductions. For these reasons, the Court rejects Defendant's remaining objections, and finds the remainder of the fees to have been reasonably expended in obtaining Plaintiff's relief, in this case, remand. Based on the foregoing, Plaintiff be awarded attorney's fees for work performed by her counsel during 2021-2023 at the respective rates of $206 (.25 hours), $221 (22.85 hours, reduced by .8 hours), and $236 (3.25 hours).

The Court recommends that Plaintiff's Motions for Fees **(ECF No. 18)** be **GRANTED, and Plaintiff awarded attorney's fees in the amount of $ 5,868.35, which amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.** Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant. However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel. The parties are

4

reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

IT IS SO ORDERED this 20th day of March 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE